JACOB SCHNITZER *vs.* ORIENTAL PRINT WORKS.

Evidence is admissible to prove a custom that, upon a sale of berries in bags by sample, the sample represents the average quality of the entire lot, and not the average quality of the amount contained in each bag taken separately.

CONTRACT to recover $2315.95, the price of 26 bags of Persian berries sold by the plaintiff to the defendants. The answer alleged that the berries were sold by sample, and were inferior to the sample.

At the trial in the Superior Court, before *Wilkinson,* J., the broker who made the sale testified, on behalf of the plaintiff, that the sample by which he sold was made up of berries taken out of "from three to five" of the bags ; that he carried this sample to the office of one Weld, the defendants' treasurer, and there showed it to him, and by it sold to him the whole lot.

The berries were sent to the defendants' mill in Rhode Island. They objected to them on the ground that they were not as good as the sample, and there was evidence tending to show that they offered to keep and pay for those that were as good as the sample and to return the balance, or to return the whole, and that the plaintiff declined to take back either the whole or any of them. The plaintiff did not contend that each bag was as good as the sample. The testimony was that some of the bags were better than, and some inferior to, the sample. There was no evidence that any person representing the defendants had ever seen or examined the berries before they were delivered, or that any representation or statement was made to the defendants' treasurer, or to any one representing the defendants, that the sample represented the quality of the whole lot, and not the quality of each bag.

The plaintiff contended that there was a custom in Boston that if the average quality of an entire lot of berries sold corresponded with the sample, the purchaser was bound to take them, although some bags were better than, and some inferior to, the sample, and was permitted, against the objection of the defendants, to intro-

duce evidence tending to show such a custom. To the admission of this evidence the defendants excepted.

The evidence was conflicting as to the existence of the custom, and as to whether the average quality of the entire lot was equal to the sample. The defendants requested the court to rule that the sale of the 26 bags by sample meant that the quality of each bag should be equal to the sample ; but the court declined so to rule, and ruled that the custom or practice of dealers in the article entered into the contract of sale, and was a part of it; and that it was for the jury to determine whether such a custom existed, and to determine what the contract of this sale by sample was, whether it was that each bag should be equal to the sample, or whether it was that the average quality of the whole lot should be equal to the sample.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*M. Storey*, for the defendants.

*R. M. Morse, Jr.*, for the plaintiff.

WELLS, J. We cannot see that, as matter of law, a custom in a particular trade, to regard a sample as representing the average quality of an entire cargo or lot of merchandise, may not have a reasonable foundation, and be a good and valid custom entering into the contracts of parties. To a greater or less degree, it is necessarily so in all cases where the sale is of articles in their nature not entirely uniform in quality. A sample represents the character of a larger mass only approximately.

We can conceive that in respect of some articles, and for some purposes, uniformity of quality may be of essential importance. In others, and for other purposes, it may be of very little consequence. In the latter case the purchaser may have his full rights if he obtains, in the entire quantity delivered, the aggregate or average of quality and value indicated by the sample. The fact that the berries were contained in twenty-six separate bags does not necessarily imply an agreement that each bag shall be equal to the sample ; or that the comparison is to be made separately with each bag. Whether or not that was the proper mode of applying the standard of quality was a question of fact, depend

ing upon the nature and intended use of the article, the custom of the trade, and all the circumstances of the case. It was properly submitted to the jury. *Exceptions overruled.*